**FENNEMORE CRAIG, P.C.**
Richard I. Dreitzer, Esq. (SBN. 6626)
Luis E. Montanez, Esq. (SBN. 16281)
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: rdreitzer@fennemorelaw.com
         lmontanez@fennemorelaw.com
*Attorneys for Defendant, AIRBNB, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMY GILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AIRBNB, INC., *a Delaware corporation*,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Airbnb, Inc. ("Airbnb") gives notice of removal of this action, *Giller v. Airbnb, Inc.*, from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada. Under Section 1446(a), Airbnb provides the following statement of the grounds for removal:

## **BACKGROUND**

1. On June 10, 2024, Plaintiff Amy Giller on behalf of herself and a putative class of Nevada residents, filed a Class Action Complaint and Demand for Jury Trial in the Eighth Judicial District Court, Clark County, Nevada against Airbnb. A copy of the Complaint is attached as Exhibit 1.

2. Airbnb was served a copy of the Complaint on June 13, 2024. A copy of the proof of service filed by Plaintiff is attached as Exhibit 2.

///

///

## VENUE AND JURISDICTION

3. Venue is proper in this Court under 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Clark County District Court, where the Complaint was filed, is a state court within the District of Nevada.

4. This Court has subject matter jurisdiction because (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied. 28 U.S.C. § 1332(a); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007).

## GROUNDS FOR REMOVAL

### I. There is complete diversity of citizenship between Plaintiff and Defendant.

5. Federal courts have "original jurisdiction of all civil actions . . . between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of Nevada and Defendant is a citizen of Delaware and California.

6. In a putative class action, only the citizenship of the named parties counts for purposes of determining complete diversity. *Serrano*, 478 F.3d at 1021 n.4 (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)).

7. Plaintiff is a citizen of the State of Nevada. Ex. 1 (Compl.) ¶ 3.

8. For purposes of diversity jurisdiction, a corporation is a citizen of "every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Airbnb is a Delaware Corporation with its principal place of business in California. Ex. 1 (Compl.) ¶¶ 4-5. It is, therefore, a citizen of Delaware and California.

### II  The amount in controversy exceeds $75,000.

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "Importantly, th[e] '[a]mount at stake' does not mean

likely or probable liability; rather, it refers to *possible* liability." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)). "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted).

11. Here, Plaintiff alleges that the amount in controversy "[e]xceeds $50,000." Compl. at p. 1.

12. Plaintiff alleges that "Airbnb's practice of facilitating the use of residential real estate for short-term rentals without the knowledge or consent of the owners of the real estate, and thereby obtaining revenue, without sharing any of the revenue with the owners of the real estate," violates "contractual provisions prohibiting the properties from being rented out on a short-term basis and/or violate Nevada law and local laws governing short-term rentals in the cities and counties of Nevada." *Id*. ¶ 1. Plaintiff brings four causes of action against Airbnb for unjust enrichment, violation of Nevada's Deceptive Trade Practices Act, tortious interference with contractual relations, and declaratory relief. *Id*. ¶¶ 87-125.

13. With regard to Plaintiff's claims for unjust enrichment and tortious interference with contractual relations, Plaintiff seeks attorneys' fees and costs and "damages in excess of $15,000." *Id*. ¶¶ 94, 117. Plaintiff also seeks attorneys' fees and costs under its claim for declaratory relief. *Id*. ¶ 125.

14. With regard to Plaintiff's claim under the Nevada's Deceptive Trade Practices Act, Plaintiff seeks attorneys' fees and costs, compensatory damages "in excess of $15,000," as well as punitive damages "for the sake of example and by ways of punishing the defendant." Compl. ¶¶ 102, 105. Nev. Rev. Stat. § 42.005(1) limits punitive damages to $300,000.00 when "the amount of compensatory damages awarded to the plaintiff is less than $100,000." Plaintiff also seeks "damages on all profits derived from [Airbnb's] knowing and willful engagement in a deceptive trade practice and treble damages on all damages suffered by reason of the deceptive trade practice." Compl. ¶ 104.

15. In view of the above, "judicial experience and common sense dictate that the value of [Plaintiff's] claims (as pled) more likely than not exceeds the minimum jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1066 (11th Cir. 2010).

**III.   All other removal requirements are satisfied.**

16. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). Defendant was served a copy of the complaint on June 13, 2024 and files this Notice less than 30 days after. Ex. 2.

17. All defendants who have been properly joined and served must consent to removal. 28 U.S.C. § 1446(b)(2)(A). Airbnb is the only named defendant and no other defendants have been joined.

18. By filing this Notice of Removal, Airbnb does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Airbnb requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

19. Airbnb will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter and will file a copy of this Notice with the clerk of the state court. 28 U.S.C. § 1446(d).

**CONCLUSION**

As this Court has jurisdiction over this matter, Airbnb removes this action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada.

## CERTIFICATE OF SERVICE

1. On July 12, 2024, I served the following document(s):

**NOTICE OF REMOVAL**

I served the above-named document(s) by the following means to the persons as listed below:

[**X**]  a.  **ECF System** (*attach the "Notice of Electronic Filing" or list all persons and addresses*):

David A. Carroll, Esq.
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq.
adiraimondo@rrsc-law.com
Robert E. Opdyke (Nevada State Bar No. 12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099

George V. Granade, Esq.
(*pro hac vice* to be filed)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

Michael R. Reese, Esq.
(*pro hac vice* to be filed)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

*Counsel for Plaintiff and the Proposed Class*

[ ]  b.  **United States mail, postage fully prepaid** (*list persons and addresses*):

[ ]  c.  **Personal Service** (*List persons and addresses*):

[ ]  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ]  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ]  d.  **By direct email (as opposed to through the ECF system)** (*list persons and email addresses*):

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
LAS VEGAS

49654656

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. **A copy of which is attached hereto.**

[ ]   e.   **By fax transmission** (*list persons and fax numbers*):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ]   f.   **By messenger:**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

DATED July 12, 2024.

>            */s/ Agnes R. Wong*
>            An Employee of FENNEMORE CRAIG, P.C.